[No. 1182.]

## ISAAC IRWIN, APPELLANT, *v.* B. B. STRAIT ET AL., RESPONDENTS.

WATER RIGHTS—WHEN RIGHT OF APPROPRIATION BEGINS—REASONABLE DILIGENCE.—In determining the question of the time when the right to water by appropriation commences, the law does not restrict the appropriator to the date of his use of the water, but applying the doctrine of relation, fixes it as of the time when he begins his dam or ditch or flume or other appliance, by means of which the appropriation is effected, provided the enterprise is prosecuted with reasonable diligence: *Held*, in reviewing the evidence, that a delay for one season in not using the water was not unreasonable. (SIMPSON *v.* WILLIAMS, *ante,* AFFIRMED.)

APPEAL from the District Court of the Fifth Judicial District, Nye County.

The facts are stated in the opinion.

*D. S. Truman,* for Appellant.

No appearance for Respondent.

By the Court, BELKNAP, J.:

The original parties defendant in this cause were the same as in *Simpson* v. *Williams, ante.* The appeal in this case, as in that, is directed against the decree rendered in favor of respondent, Williams. To each suit he defended as owner of the Page or Withington ranch, on Duckwater creek. The questions presented upon appeal are the same in each case, except the question of prior appropriation of the water. The different plaintiffs acted independently of

each other in diverting the stream, and their acts in this regard must be separately considered. Plaintiff Irwin first diverted the water upon the twenty-first day of August, 1867. For the purpose of this case we shall treat his right as commencing, by relation, at this time. The premises in the possession of Williams, and of which he must be considered owner upon this appeal, were purchased in the month of April, 1867, by Withington from Page for farming purposes. During the year 1866, Page had diverted a portion of the waters of the stream. This diversion may have been for a speculative purpose, and we shall not consider it as the inception of a right. The testimony is not clear as to the use made of the water by Withington during the year 1867, save that it continued to flow as diverted by the dam and ditch constructed by Page. In the spring of 1868, and each succeeding year, Withington, and those claiming through him, have employed the water for irrigating cultivated lands. Upon these facts, when did the right of respondent as successor in interest to Withington to the use of the water commence?

In determining the question of the time when a right to water by appropriation commences, the law does not restrict the appropriator to the date of his use of the water, but, applying the doctrine of relation, fixes it as of the time when he begins his dam or ditch or flume, or other appliance by means of which the appropriation is effected, provided the enterprise is prosecuted with reasonable diligence. During the year 1867 Withington did no particular act manifesting an intention to appropriate the water, further than to maintain its flowage upon the land. It was unnecessary for him to do more. The diversion made by Page was suitable to his contemplated appropriation, and a different diversion would not have strengthened his claim. We do not think that, in exercising reasonable diligence to appropriate the water, Withington was bound to use it for irrigation during the year 1867. It may have been impracticable by reason of the season, or the difficulties incident to an unsettled country, to have applied the water to irri-

gation the same spring in which he made his purchase. Under the facts, we think his appropriation should date by relation to the time he acquired the property in April, 1867.

The remaining exceptions will not be particularly considered. They were determined adversely to appellant in *Simpson* v. *Williams, ante,* and the same ruling will be made in this case.

The judgment and order of the district court are affirmed.